IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARI SMITH LOR,

                        Plaintiff,

    v.                                                 OPINION and ORDER

AUTO SELECT,                                   22-cv-672-jdp

                        Defendants.

---

Pro se plaintiff Ari Smith Lor was detained at the Marathon County Jail when he filed this case. Lor alleges that defendant Auto Select negligently gave him a loaner vehicle with improper license plates, causing him to be pulled over and charged criminally. The court granted Lor leave to proceed in forma pauperis and he paid the initial partial filing fee.

Because Lor proceeds in forma pauperis and was incarcerated when he filed this case, I must screen the complaint under 28 U.S.C. § 1915A(e)(2)(B) and 1915A. I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Applying this standard, I will dismiss the case for lack of subject matter jurisdiction.

Lor is suing under state law and contends that the court has diversity jurisdiction. Dkt. 1 at 5. Auto Select is the sole defendant. Lor alleges that Auto Select is a citizen of Wisconsin and resides at 114 South Green Bay Road, Neenah, Wisconsin, 54956. *Id.* at 2.

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, Lor alleges that both he and Auto Select are citizens of Wisconsin. Publicly available records from the state of Wisconsin show that Auto Select is incorporated in Wisconsin, which is consistent with Lor's allegation that Auto Select is a Wisconsin citizen. *See* https://www.wdfi.org/apps/corpsearch/search.aspx (searching "Auto Select" and selecting hyperlink for "Auto Select, Inc."); *see also Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (courts may take judicial notice of matters of public record). And Lor's allegations do not suggest that Auto Select's principal place of business is outside of Wisconsin. I do not have diversity jurisdiction over this case.

Lor's assertion of diversity jurisdiction is frivolous. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("A complaint that identified the defendant as a citizen of the same state as the plaintiff and alleged no basis other than diversity of citizenship for federal jurisdiction might be dismissed as frivolous . . . ." (citations omitted)). So I will dismiss the case and direct the clerk to record a strike under 28 U.S.C. § 1915(g). *See De La Garza v. De La Garza*, 91 F. App'x 508, 509 (7th Cir. 2004).

ORDER

IT IS ORDERED that:

1. This case is dismissed without prejudice for lack of subject matter jurisdiction.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and send plaintiff a copy of this order.

Entered December 27, 2022.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge